UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
By one of its Trustees SAL ALLADEEN,

           Plaintiff,

      -against-

WASHINGTON CEMETERY, INC.,

           Defendant.
-------------------------------------------------------X

19 Civ.

COMPLAINT

Plaintiff, U.S.W.U. LOCAL 74 WELFARE FUND, by one of its Trustees SAL ALLADEEN, by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant WASHINGTON CEMETERY, INC., alleges as follows:

### NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Action of 1974 ("LMRA"), 29 U.S.C. §152 *et seq.*, to compel defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, the trust agreement and other fund documents, and the collective bargaining agreement.

### JURISDICTION

2. Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132(a)(3), (e), and (f).

### VENUE

3. Venue is proper pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1) in that the plaintiff employee benefit plan is administered in the Eastern District.

PARTIES

4. At all times relevant herein the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen is one of the Trustees of the WELFARE FUND and appears in his representative capacity.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, at all relevant times herein defendant WASHINGTON CEMETERY, INC. ("WASHINGTON CEMETERY") was a New York not for profit corporation with offices located at 5400 Bay Parkway, Brooklyn, New York 11230.

7. Upon information and belief, at all relevant times herein, WASHINGTON CEMETERY, was the operator of a cemetery located at 5400 Bay Parkway, Brooklyn, New York, 11230.

8. Upon information and belief, at all relevant times herein, WASHINGTON CEMETERY was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

9. Upon information and belief, at all relevant times herein WASHINGTON CEMETERY was a member of an employer association known as the Cemetery Employers Association of Greater New York ("CEA").

10. At all relevant times herein, defendant WASHINGTON CEMETERY appointed the CEA to represent its interests and act in its behalf with respect to labor relations by virtue of its membership in the CEA.

11. At all relevant times herein, there was in force and effect a collective bargaining agreement, including extensions thereof, by and between Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), or its predecessor, and the CEA.

12. At all relevant times herein, by virtue of its membership in the CEA, defendant WASHINGTON CEMETERY was a party to a collective bargaining agreement with Local 74.

13. At all times relevant herein, WASHINGTON CEMETERY employed workers, including gravediggers and maintenance employees, who are represented by Local 74 for collective bargaining purposes (referred to herein as "Local 74 bargaining unit employees").

13. At relevant times herein, Local 74 and defendant WASHINGTON CEMETERY were parties to collective bargaining agreements and extensions thereof, by virtue of its membership in the CEA.

14. At all relevant times herein, applicable collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit workers, including that Local 74 bargaining unit employees receive medical, hospital, prescription, and related benefits as provided by the WELFARE FUND.

15. At all relevant times herein, applicable collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit employees, including that WASHINGTON CEMETERY is required to make monthly contributions in specified amounts to the WELFARE FUND on behalf of covered employees.

16. At all relevant times herein, there were in force and effect a Declaration of Trust of the WELFARE FUND and a Delinquent Contribution Collection Policy, among other documents, with which defendant WASHINGTON CEMETERY was required to comply.

17. At all times relevant herein there were in force and effect Trustee resolutions of the WELFARE FUND with which WASHINGTON CEMETERY must comply by virtue of the WELFARE FUND Trust Agreement, among other documents, and applicable law.

## COUNT I

18. Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

19. Despite due demand therefor, WASHINGTON CEMETERY has failed and/or refused to make required contributions to the WELFARE FUND for various months, including but not limited to August through November, 2019 inclusive, in the sum of $51,744 (which includes arrears), not including interest.

20. Upon information and belief, the failure and/or refusal of WASHINGTON CEMETERY to make required contributions to the WELFARE FUND for covered employees will continue so that the foregoing delinquency will increase between the date hereof and the time that judgment enters.

21. The failure and/or refusal by WASHINGTON CEMETERY to make such required contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, Collections Guidelines, and of ERISA, including but not limited to Sections 502 and 515, 29 U.S.C. §§1132 and 1145.

22. By reason of the foregoing, the WELFARE FUND is entitled to judgment for the principal amount of the contributions due and owing as of the date judgment enters, together with interest, past due interest, liquidated damages, and attorneys' fees and costs.

WHEREFORE, the WELFARE FUND demands judgment against WASHINGTON CEMETERY awarding:

(a)     the sum of $51,744, or such larger sum as may due and owing as and for the principal amount of unpaid contributions;

(b)     interest on the principal amount of the contributions found to be due and owing from the date due until the date paid at the rate of 10% per year, compounded;

(c)     liquidated damages of 20% of the principal sum of the contributions found to be due and owing;

(d)     attorneys' fees, costs and expenses of this action; and

(e)     such other and different relief as the Court deems proper and just.

Dated: New York, New York
        December 17, 2019

                                      Yours, etc.,

                                      O'DWYER & BERNSTIEN, LLP

By: _____
                                      GARY SILVERMAN (GS9287)
                                      ZACHARY HARKIN (ZH0620)
                                      Attorneys for Plaintiff
                                      45 Broadway, Suite 2430
                                      New York, New York 10006
                                      (212) 571-7100
                                      gsilverman@odblaw.com
                                      zharkin@odblaw.com